UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JERMAINE EARNEST,<br>Defendant. | Case No. 12-cr-00574-PJH-4<br><br>**ORDER DENYING MOTION TO SEVER WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 250 |

On November 22, 2017, this matter came on for hearing on defendant Jermaine Earnest's motion to sever his trial from that of codefendant John Daniels pursuant to Federal Rule of Criminal Procedure 14, based on mutually exclusive defenses. For the reasons stated at the hearing and summarized below, the motion is DENIED WITHOUT PREJUDICE.

In light of the issues litigated in Daniels's motion to suppress the statement and motion for admission of additional parts of his recorded statement, the court is familiar with Daniels's out-of-court statement to the police, and the portions of his statement that the government intends to offer at trial. Based on the record and the representations of counsel, the court determines that Daniels and Earnest do not present mutually exclusive defenses that warrant severance for trial. Earnest's defense is that he was not involved in the drive-by shooting on April 16, 2014. Daniels is generally expected to present a defense that he was driving the SUV at the time of the shooting but was not the shooter, that Daniels did not know that his passenger had a gun and intended to shoot the victim, and that Earnest was the shooter who was riding in Daniels's car. Though it is not known

whether Daniels will testify at trial or directly implicate Earnest as the shooter, counsel for the government indicated that it will present evidence to show that Earnest was the shooter riding in Daniels's car. The court determines that Daniels and Earnest present inconsistent defenses, but the defenses are not mutually exclusive such that each defense theory contradicts the other "in such a way that the acquittal of one necessitates the conviction of the other." *Cf. United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991) (finding mutually exclusive defenses where the principle defense of each defendant was that the other alone committed the assaults). In other words, a jury could believe both defense theories that Daniels was not the shooter and did not have the requisite knowledge or intent for aiding and abetting murder, and that Earnest was not involved in the shooting, if the government's evidence fails to show that Earnest was the shooter. At this juncture, Earnest has not demonstrated a serious risk that he would be so prejudiced by joinder with Daniels as to outweigh the interests of judicial economy in a joint trial, particularly with respect to the burdens on civilian witnesses and jurors.

If Daniels elects to testify on his own behalf, in light of his prior recorded statement, a joint trial would present a closer question on whether the jury will be able to segregate the evidence applicable to each defendant and follow the court's limiting instructions, or whether the prejudice of a joint trial would be so great as to deny Earnest a fair trial. *See United States v. Vaccaro*, 816 F.2d 443, 449 (9th Cir. 1987), *abrogated on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) ("The party seeking reversal of a decision denying severance under Rule 14 has the burden of proving 'clear,' 'manifest,' or 'undue' prejudice from the joint trial."). The government argues that even assuming the possibility that Daniels testifies and directly implicates Earnest as the shooter, it would not make a difference whether Daniels testified at a joint trial or a separate trial, because his testimony would be admissible against Earnest in either case. The government contends that even if Daniels testifies, a joint trial would not be manifestly prejudicial so as to warrant severance here.

The court reserves this question for reconsideration closer to trial.  Counsel for Daniels specially appeared at the motion hearing, indicating that he could not make any representations whether Daniels will testify at this time and agreeing to appear for an in camera proceeding about 30 days before trial, with no objections by Earnest or the government. *See United States v. Mayfield*, 189 F.3d 895, 900 n.1 (9th Cir. 1999) (noting that counsel for Mayfield's codefendant, Gilbert, stated during in camera proceedings "that her defense was to prosecute Mayfield, which should have put the district court on notice that it was required to grant Mayfield's severance motions or employ other means of stemming the prejudice flowing from Gilbert's mutually exclusive defense"). Accordingly, the court will specially set an in camera hearing with Daniels on this specific issue, after hearing the newly filed pretrial motion to exclude gang expert testimony.

**IT IS SO ORDERED.**

Dated: November 27, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge