UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN DEVALIER DANIELS and
JERMAINE EARNEST,

Defendants.

Case No.  12-cr-00574-PJH-3,4

**ORDER SETTING DEADLINE TO
RESPOND TO DEFENDANTS'
APPLICATION FOR ISSUANCE OF
SUBPOENAS**

Re: Doc. No. 348

On March 22, 2018, defendants John Devalier Daniels and Jermaine Earnest filed an ex parte application for issuance of subpoenas seeking personnel or complaint records of state law enforcement officers designated as government trial witnesses, pursuant to Federal Rule of Criminal Procedure 17, Criminal Local Rule 17-2, and General Order 69.  Doc. no. 348.  As defendants have provided notice to the government of this Rule 17(c) application, as required by General Order 69, the subpoenas for the requested third party records are not sought on an ex parte basis.  Given that defendants are entitled to disclosure of materials bearing upon the credibility of the testifying officers pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the government is directed to file a response to the Rule 17(c) application to address the following questions:

(1) has the government obtained and reviewed some or all of the state records sought by defendants, and if only some of the records have been obtained, which records?

(2) can the government produce the responsive materials to the defense, subject

to a protective order, within a 14-day period?

(3) will the government narrow its list of 86 potential witnesses so as to limit the scope of relevant impeachment material?

To the extent that the government has obtained the relevant complaint and personnel records, the requested materials are subject to the government's obligations to produce exculpatory evidence as well as information that could be used to impeach government witnesses.  However, if the government represents that it has not obtained all the requested materials and is not timely prepared to produce the responsive documents to the defense, the court will authorize issuance of the subpoenas on the third parties for production of the materials not produced by the government.  In either event, the court will require the government to provide an amended witness list well in advance of the pretrial conference filing deadlines, in order to avoid unnecessary delay in these proceedings and any unwarranted burden on the state law enforcement agencies that would be imposed by requiring production of materials relevant to all 86 potential witnesses.  In particular, the proposed subpoena for production of relevant complaint and personnel files for 75 members of the Oakland Police Department, to be produced within 14 days of service of the subpoena, would be, on its face, unduly burdensome on that agency and would require a reasonable basis to narrow the request for production.

The government shall file its response by no later than **12:00 noon, March 27, 2018**.

**IT IS SO ORDERED.**

Dated: March 23, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

2