UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>       v.<br>JERMAINE EARNEST,<br>                Defendant/Movant. | Case No.  12-cr-574-PJH-4<br><br>**ORDER HOLDING § 2255 MOTION IN ABEYANCE**<br>Re: Dkt. 504 |

Before the court is the represented motion of defendant Jermaine Earnest for an order under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on the ground that his sentence has been rendered invalid by the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Dkt. 504. Earnest asserts two grounds under *Davis* to challenge his convictions for use of a firearm in furtherance of a crime of violence causing death in violation of 18 U.S.C. § 924(j)(1) and for use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A):

(1) with the residual clause of § 924(c)(3)(B) stricken by *Davis*, the predicate offense of murder under California Penal Code § 187 is not a categorical crime of violence as defined by the elements clause of § 924(c)(3)(A) because "the use, attempted use, or threatened use of physical force against the person or property of another" is not a required element under California law; and

(2) under California law, murder does not qualify as a crime of violence under § 924(c)(3)(A) because Penal Code § 187 encompasses the reckless killing of another

1  person and recklessness does not satisfy the requisite intent to use force.

2  These claims are cognizable under 28 U.S.C. § 2255.  However, the second ground asserted by Earnest, that recklessness is not sufficient mens rea to satisfy the definition of a crime of violence under the elements clause of § 924(c)(3)(A), is an issue of law currently pending before the Ninth Circuit on a petition for panel rehearing in *United States v. Begay*, 934 F.3d 1033 (9th Cir. 2019), *reh'g held in abeyance*, 2019 WL 7900329 (9th Cir. Dec. 5, 2019).  In *Begay,* a divided panel held that second-degree murder does not constitute a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A) because it can be committed recklessly.  *Id.* at 1038–41.  The government filed a petition for panel rehearing in *Begay* which the court ordered to be held in abeyance pending issuance of a decision by the court sitting en banc in *United States v. Orona,* No. 17-17508 (9th Cir.), *petition for reh'g en banc granted* Nov. 18, 2019, *stay issued* Apr. 1, 2020.  The Ninth Circuit has since stayed the en banc proceedings in *Orona* pending issuance of a decision by the Supreme Court in *United States v. Borden*, No. 19-5410, *cert. granted* Mar. 2, 2020 (whether a criminal offense that can be committed with a mens rea of recklessness can qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. 924(e)).

In light of the unsettled issue of law presented in Earnest's § 2255 motion that is currently pending before the Ninth Circuit and the Supreme Court, the court ORDERS that the § 2255 motion filed by Earnest is hereby HELD IN ABEYANCE and STAYS these § 2255 proceedings pending issuance of a decision in *Borden, Orona* or *Begay*.  The court further ORDERS that upon issuance of a decision in *Borden, Orona* or *Begay*, the government shall file a status report to notify the court and propose a briefing schedule on the § 2255 motion after conferring with appointed counsel.

**IT IS SO ORDERED.**

Dated:  August 6, 2020

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

2